UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **CENTRAL KENTUCKY TRUCK AND TRAILER SALES, LLC,** ) ) ) ) **Plaintiff,** ) ) v. ) ) **UNITED STATES OF AMERICA, et al.,** ) ) ) ) **Defendants.** ) | NO. 5:21-cv-00218-CHB-MAS |

**REPORT & RECOMMENDATION**

Defendant Travis C. Hundley ("Hundley") has filed a motion for leave to file a crossclaim against the Defendants United States of America and Zachary L. Combs (collectively, "Postal Defendants"). [DE 17]. Postal Defendants responded contending that such a request was not permitted under the Federal Tort Claim Act ("FTCA") because the Postal Defendants have not received proper notice. [DE 22]. The Court ordered Hundley to reply, but he declined. [DE 23]. Considering the arguments advanced by the parties, the Court will recommend denial of Hundley's motion.

The facts surrounding this dispute are straightforward relevant to this limited motion practice. On August 7, 2020, Hundley was in an automobile accident with Zachary L. Combs[1] who was operating a postal truck owned by the United States Postal Service. [DE 1, Page ID# 2-

---

[1] There is no dispute that Combs was operating within the scope of his employment as a federal employee for the United States Postal Service. [DE 17, Page ID# 61 (arguing "the negligent actions of Mr. Combs constitute liability on the part of United States of America")]. The United States has confirmed as much as part of its motion to dismiss. [DE 21-2, Page ID# 77-78].

1

3]. Plaintiff Central Kentucky Truck & Trailer Sales, LLC brought this action against both Hundley and Postal Defendants alleging that the automobile accident caused damage to its property, including a gate at the entrance of Plaintiff's property, fencing, and other vehicles on the property. [*Id.*].

In their Answer to the Complaint, Postal Defendants asserted a crossclaim against Hundley. [DE 8]. Hundley, through the current motion, seeks to do the same against Postal Defendants. [DE 17, Page ID# 61]. Obviously, both Postal Defendants and Hundley seek to the point the proverbial finger at each other in terms of fault.

Nevertheless, Postal Defendants rightfully point out that the FTCA does not permit Hundley to make such claims at this date. Specifically, the FTCA mandates that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail**.

28 U.S.C. § 2675(a) (emphasis added). A claim is "presented" when "the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 39 C.F.R. § 912.5(a). The exhaustion of administrative remedies is jurisdictional, a matter which must be strictly construed, and one which cannot be waived. *See, e.g.*, *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981); *Wilson v. Big Sandy Healthcare, Inc.*, 553 F. Supp. 2d 825, 837 (E.D. Ky. 2008).

Postal Defendants contend that Hundley has failed to exhaust his administrative remedies before seeking suit against them. In support, Postal Defendants have supplied an affidavit from

2

Kimberly A. Herbst, supervisor for United States Postal Service National Tort Center, detailing her review of the relevant records and confirmation that Hundley has not filed such a claim. [DE 22-1, Page ID# 95-96]. As stated above, Hundley did not reply to contest any of these facts.

Consequently, Hundley's motion for leave to file a crossclaim against Postal Defendants is improper, and the Court lacks jurisdiction to consider its procedural or substantive merits. The Court need not address the timeliness of any possible claim of Hundley against Postal Defendants, [*see* DE 22, Page ID# 92], or the propriety of Zachary L. Combs as a party generally, the latter of which is before the Court on a motion to dismiss, [DE 21, Page ID# 74 (Motion); DE 21-2, Page ID# 77-78 (Memorandum in Support)].

For the reasons stated herein, the Court **RECOMMENDS** that the District Court **DENY** Hundley's motion for leave to file crossclaim [DE 17]. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of that statute. As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 29th day of September, 2022.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY